IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Fort Sill Apache Industries,        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 1:12cv305 (LMB/TRJ)
                                    )
Team Systems International, LLC     )
    *et al.*,                       )
                                    )
            Defendants.             )
                                    )

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion for default judgment (no. 34) against defendant Advanced Constructive Solutions, LLC ("ACS"). Process for ACS was served by personal service on March 21, 2012 (no. 5). The Clerk entered default against ACS on May 9, 2012 (no. 19). Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against ACS.

**Jurisdiction and Venue**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff is diverse from each defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) ("A tribe may also charter a corporation pursuant to its own tribal laws, and such a corporation will be considered a citizen of a state for purposes of diversity jurisdiction.") (citing *Stock West, Inc. v. Confederated*

1

*Tribes of the Colville Reservation*, 873 F.2d 1221, 1223 n.3, 1226 (9th Cir. 1989); *R.C. Hedreen Co. v. Crow Tribal Hous. Auth.*, 521 F. Supp. 599, 602-03 (D. Mont. 1981)). There is personal jurisdiction over ACS pursuant to Fed. R. Civ. P. 4(k) and Va. Code § 8.01-328.1(A)(2). Venue lies in this court pursuant to 28 U.S.C. § 1391(b)(2), as the performance of the contract at issue occurred in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts).

In a case such as this one, where a party seeks entry of default judgment against one defendant, while the other remains in the case, Fed. R. Civ. P. 54 directs that default judgment may be entered against the defaulting defendant only upon an express determination that there is "no just reason for delay." Fed. R. Civ. P. 54(b). There is just reason for delay where there is a risk of inconsistent judgements. *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197

F.R.D. 580, 582 (E.D. Va. 2000) (Brinkema, J.). For example, when a complaint alleges joint and/or several liability against multiple defendants or that multiple defendants are "otherwise closely interrelated," it is inappropriate for a court to enter default judgment against one defendant while claims are still pending as to the other defendant. *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434-35 (E.D. Va. 2006) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942 (4th Cir. 1967); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)) (Dohnal, M.J.).

## **Factual Background**

The well-pled allegations of the complaint and the affidavits submitted in support of plaintiff's motion for default judgment establish the following facts.

Plaintiff is a corporation organized under the tribal laws of the Fort Sill Apache Tribe of Oklahoma, with a principal place of business in Apache, Oklahoma. Compl. ¶ 1. Defendant ACS is a Texas limited liability company with a principal place of business in Allen, Texas. Compl. ¶ 4.

In 2007, the U.S. Army Corps of Engineers awarded plaintiff a firm fixed price contract for construction services at Fort Lee, Virginia. Compl. ¶ 2. In connection with that project, plaintiff entered into two subcontracts with ACS, on July 1, 2007 and October 1, 2007, respectively. Compl. ¶ 68, 76.

Pursuant to the second subcontract, plaintiff was to pay ACS $733,000.00 for various estimating, electrical, and project management services. Compl. ¶ 76, Exh. A (no. 1-1) at 44. The subcontract required ACS to "furnish and pay for all necessary labor, materials, supplies, tools, and equipment[,]" and permitted payments above $733,000.00 only upon plaintiff's

3

express, written authorization. Compl. ¶¶ 80-81, Exh. A at 44. Plaintiff did not provide any such authorization. Compl. ¶ 82.

ACS invoiced plaintiff for amounts above the contract price of $733,000.00 in connection with the second subcontract, which amounts plaintiff paid. (The payments were made by an agent, to whom the requests for payment were made and who made the excess payment without the knowledge of plaintiff's management.) Compl. ¶¶ 83-91, 129-30. ACS invoiced plaintiff for, and plaintiff paid to ACS, $836,406.84 for the services contemplated in the contract,[1] $8,024.22 for business development, and $161,992.38 for expense reimbursement. Pl.'s Mem. in Supp. of Mot. for Def. J. at 13; Aff. of R. Jason Kinsey (no. 35-1) ¶¶ 12-14. Thus, plaintiff ultimately paid ACS a total of $1,006,423.44 in connection with the second subcontract. Pl.'s Mem. in Supp. of Mot. for Def. J. at 13; Aff. of R. Jason Kinsey (no. 35-1) ¶¶ 12-14.

The second subcontract also contains a provision requiring the parties to resolve disputes arising from the second contract through binding arbitration. Compl. ¶ 8. Plaintiff filed breach of contract claims against ACS with the American Arbitration Association (the "AAA") on December 22, 2010. Compl. ¶ 8. ACS answered the arbitration claim on January 26, 2011. Compl. ¶ 17. Thereafter, ACS did not pay a deposit to the AAA or participate in the arbitrator selection process. Compl. ¶¶ 19, 23, 38.

The second subcontract contains an Oklahoma choice of law provision. Compl. Exh. A at 49.

---

[1] Paragraph 12 of Mr. Kinsey's affidavit appears to contain a typographical error, stating that the work invoices submitted to plaintiff by ACS totaled $836,406.94, but the underlying documentation reflects that the amount is $836,406.84, which is the amount stated in plaintiff's memorandum in support of its motion for default judgment.

## Discussion and Findings

First, the magistrate judge finds that there is no just reason for delay of entry of default judgment against ACS. Though the complaint also alleges breach of contract claims against defendant Team Systems International, LLC ("TSI"), those claims are premised upon two contracts that are separate from those upon which plaintiff bases its claims against ACS. Furthermore, plaintiff is proceeding with its claims against TSI via arbitration, *see* no. 33, and it therefore appears that the court will not rule on plaintiff's claims against TSI. Accordingly, there is no risk of inconsistent judgments, and no just reason for delay of entry of default judgment against ACS.

Second, the magistrate judge finds that Oklahoma law governs the claims in this matter, as the second subcontract contains an Oklahoma choice of law provision. *See Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4-5, 96 S.Ct. 167, 46 L.Ed. 2d 3 (1975) (per curiam) (federal court in diversity case applies conflict of law rules of state in which it sits) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999) ("Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances.") (citing *Tate v. Hain*, 181 Va. 402, 25 S.E.2d 321, 324 (Va. 1943)).

Third, the magistrate judge finds that plaintiff and ACS entered into a contract calling for plaintiff to pay to ACS up to $733,000.00 for services rendered, and that payment of any amounts beyond that total are not authorized without plaintiff's express, written authorization. Fourth, the magistrate judge finds that ACS invoiced plaintiff for amounts totaling $1,006,423.44, and that

5

plaintiff paid that total to ACS.[2]  Fifth, the magistrate judge finds that plaintiff did not expressly authorize any payments in excess of $733,000.00, and therefore that plaintiff paid and ACS received $273,423.44 that was not authorized under the second subcontract.  Sixth, the magistrate judge finds that ACS accordingly breached the second subcontract under Oklahoma law.  *See Young v. Thomas*, 930 P.2d 836, 839 (Okla. Civ. App. 1996) (elements of breach of contract are (1) formation of contract, (2) breach, and (3) damages).[3]

Seventh, the magistrate judge finds that, setting aside the question whether ACS breached any duty to arbitrate under the second subcontract, ACS, by its default, has waived any affirmative defense to this suit based upon the right to arbitration.[4]

**Recommendation**

The magistrate judge recommends that default judgment in the amount of $273,423.44 be entered against defendant Advanced Constructive Solutions, LLC.

---

[2] The court ordered plaintiff to provide a supplemental memorandum regarding the application of Oklahoma's voluntary payment doctrine to the facts of this motion on August 27, 2012 (no. 39).  Plaintiff filed its supplemental memorandum on September 12, 2012 (no. 40). Based on the authority cited by plaintiff in said memorandum and the fact that Oklahoma's voluntary payment doctrine is an affirmative defense, the court found the doctrine to be inapplicable in this instance.  Thus, plaintiff's claim is not barred on this basis.

[3] Although plaintiff included a count for breach of the first subcontract in its complaint, plaintiff is not pursuing that claim on its motion for default judgment.  *See* Pl.'s Mem. in Supp. of Mot. for Def. J. at 5.

[4] On June 21, 2012, the court ordered (no. 33) plaintiff to advance defendant TSI's arbitration costs to permit arbitration against that defendant to go forward.  The magistrate judge understands that order not to be predicated on any finding that plaintiff was required to advance those costs pursuant to the subcontracts with TSI, which contain arbitration clauses similar to those in the ACS subcontracts.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to ACS at its addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/<br>
Thomas Rawles Jones, Jr.<br>
United States Magistrate Judge

October 1, 2012
Alexandria, Virginia