IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FORT SILL APACHE INDUSTRIES, )
)
    Plaintiff, )
)
)   1:12cv305 (LMB/TRJ)
v. )
)
TEAM SYSTEMS INTERNATIONAL, LLC, )
  et al., )
)
    Defendants. )

ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on October 1, 2012 [Dkt. No. 41], which recommends that default judgment be entered against defendant Advanced Constructive Solutions ("ACS") awarding plaintiff Fort Sill Apache Industries ("FSAI") $273,423.44 in damages. See Report at 6. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based upon the Report. Id. at 7. As of October 31, 2012, no party has filed an objection. The Court has reviewed the Report, the case file, and plaintiff's motion and associated memoranda and attachments, and adopts the Report in its entirety.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff FSAI is treated as a citizen of Oklahoma for

purposes of diversity jurisdiction. See Compl. ¶ 1; Wells Fargo Bank, Nat'l Assoc. v. Lake of the Torches Econ. Devel. Corp., 658 F.3d 684, 692-94 (7th Cir. 2011) (collecting cases and holding that "a corporation chartered under Native American tribal law should be treated as a citizen of a state pursuant to § 1332(c)"). Limited liability companies share the citizenship of their members. Gen. Tech. Appls., Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). Accordingly, ACS is a citizen of Texas, codefendant Team Systems International, LLC ("TSI"), is a citizen of Virginia, and the parties are completely diverse. Moreover, the amount in controversy exceeds $75,000. See Compl. at 23-24 (prayer for relief).

Venue is proper under 28 U.S.C. § 1391(b)(2) because "the performance of the contract at issue occurred in this district." Report at 2. Similarly, the Court has personal jurisdiction over ACS under Va. Code § 8.01-328.1(A)(2) (providing that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ontracting to supply services or things in this Commonwealth"). Service was properly executed. See Dkt. No. 5.

Under Fed. R. Civ. P. 54, a federal court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

reason for delay." Fed. R. Civ. P. 54(b). The magistrate judge correctly found that "there is no just reason for delay of entry of default judgment against ACS" because plaintiff's claims against codefendant TSI are based on separate contracts and because FSAI is pursuing its claims against TSI in arbitration. Report at 5.

The Court further finds that the magistrate judge properly found that the Complaint states a claim for relief based on ACS' breach of the Phase 2 subcontract it had with FSAI, and correctly calculated the damages to which FSAI is entitled for that breach. Accordingly, plaintiff's motion for default judgment [Dkt. No. 34] is GRANTED and it is hereby

ORDERED that a default judgment in the total amount of $273,423.44 be and is entered in favor of plaintiff, Fort Sill Apache Industries, against defendant Advanced Constructive Solutions, also known as Advanced Construction Solutions.

The Clerk is directed to enter final judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55 against defendant ACS and to forward copies of this Order to counsel of record and to defendant ACS at its address of record in the court file.

Entered this 31st day of October, 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3